UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason Jackson,                                                  Civ. No. 17-5443 (PAM/KMM)

            Plaintiff,

v.                                                                      **MEMORANDUM AND ORDER**

Messerli & Kramer P.A.,

            Defendant.

---

This matter is before Court on Defendant's Motion for Judgment on the Pleadings. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Jason Jackson allegedly defaulted on a consumer credit debt through HSBC Bank Nevada. (Compl. (Docket No. 1) ¶ 7.) Midland Funding LLC bought the debt and hired Defendant Messerli & Kramer P.A. to collect it. Messerli brought a lawsuit on Midland's behalf in state court, ultimately securing a judgment of $4,865.30 against Jackson. (Answer (Docket No. 4) ¶ 8.) In September 2017, Messerli served a garnishment summons on North Memorial Credit Union, where Jackson had a joint account with Gretchen Barttelt, who at the time was his girlfriend and is now his wife. (Compl. ¶ 6.)

On September 7, 2017, Ms. Barttelt called Messerli. The call was on speaker phone and Jackson was present in the room when Ms. Barttelt made the call. (Answer Ex. 1 (transcript of call).) The Messerli representative repeatedly told Ms. Barttelt that

Jackson had to give his permission for Messerli to speak with Ms. Barttelt. Jackson at first complained that he had tried to call Messerli "a hundred times" and said that he was "done with them." (Id. at 2-3.) Eventually, Ms. Barttelt asked Jackson, "Can you just say . . . that I can talk to her about it? Just give the okay?" (Id. at 3.) Jackson responded, "Go ahead! Talk to her! Do whatever you want!" (Id.) Ms. Barttelt and the Messerli representative then engaged in discussions regarding the debt and the garnishment. (Id.) Later in the call, the representative transferred Ms. Barttelt to another Messerli representative, and Ms. Barttelt informed the new representative that Jackson gave Ms. Barttelt permission to speak to Messerli. (Id. at 6.)

Jackson contends that Messerli's discussions with Ms. Barttelt violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., because he allegedly did not consent to Messerli talking with her about the "details concerning [Jackson's] alleged debt." (Compl. ¶ 18.) He specifically asserts that Messerli's conduct violated 15 U.S.C. §§ 1692b(b), 1692c, 1692d, and 1692f. (Id. ¶ 19.) He also contends that Messerli "intentionally interfered with [his] solitude, seclusion, and/or private concerns . . . when it communicate [sic] with an unauthorized third party" (id. ¶ 36), that this invasion of privacy was "highly offensive" (id. ¶ 38), and that he "suffered emotional distress and out-of-pocket expenses" as a result of the alleged invasion of privacy. (Id. ¶ 39.)

**DISCUSSION**

The Court evaluates a motion for judgment on the pleadings under Rule 12(c) using the same standards as a motion to dismiss under Rule 12(b)(6). Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010) (citation omitted). Thus, the Court must

assume the facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the non-moving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citation omitted). The Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

The FDCPA prohibits debt collectors from communicating with third parties "without the prior consent of the consumer given directly to the debt collector." 15 U.S.C. § 1692c(b). Further, the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," id. § 1692d, or from using "unfair or unconscionable means to collect or attempt to collect any debt." Id. § 1692f.

3

As an initial matter, Jackson concedes that his claim under § 1692b fails on its face, because this section prohibits a debt collector from communicating with a person other than the debtor "for the purpose of acquiring location information." Id. § 1692b. Jackson does not allege that Messerli was seeking his location information, and any claim he purported to raise under § 1692b is dismissed.

In response to Messerli's Motion, Jackson first argues that he did not give "meaningful" consent directly to the Messerli representative, and thus that representative's communication with Ms. Barttelt violated § 1692c. According to Jackson, his comments were directed to Ms. Barttelt, not the representative. But Jackson knew the representative was also on the call, listening to his statements. Jackson cannot establish that the representative violated the FDCPA by concluding that Jackson's statements were directed at Messerli and were an expression of consent. And his attempts to graft a "meaningful" requirement into the statute are not supported by the statute's text. Consent must be judged by an objective, not subjective, standard. See, e.g., Duffy v. Landberg, 215 F.3d 871, 874-75 (8th Cir. 2000) (articulating objective standard for FDCPA claims). Jackson's statement is objective consent within the meaning of the statute.

Jackson next argues that dismissal of his § 1692c claim is inappropriate because any consent he might have given was limited to only discussing the garnishment on his and Ms. Barttelt's bank account, not the debt generally. He points out that Ms. Barttelt asked Jackson to give his permission for her to talk to Messerli about "it," and claims that "it" refers only to the account garnishment, not to the debt generally. But Jackson's

4

consent was undeniably broad: "Go ahead! Talk to her! Do whatever you want!" He did not limit his permission to any specific issue. No reasonable jury could find that Jackson did not give his consent within the requirements of § 1692c. This claim fails.

Nor can Jackson establish that the communications with Messerli were in any way harassing, oppressive, or abusive, as required for a violation of § 1692d.[1] Ms. Barttelt called Messerli, and the transcript evidences no conduct on Messerli's part that approaches a violation of § 1692d. The section provides a non-exhaustive list of conduct that violates the FDCPA, such as threats of violence, the use of obscene or profane language, and calling a debtor repeatedly. 15 U.S.C. § 1692d(1), (2), (5). Section 1692d "prohibits only oppressive and outrageous conduct." Gearman v. Heldenbrand, No. 15cv2039, 2015 WL 5255335, at *4 (D. Minn. Sept. 9, 2015) (Doty, J.) (quotation omitted). It is clear that the Messerli representative's conduct does not rise to the level of a violation of this section, and no reasonable jury could conclude otherwise.

The representative's conduct likewise cannot be characterized as an "unfair or unconscionable" collection action within the meaning of § 1692f. Jackson's only response is that, because he was cursing and yelling, Messerli should have known to stop talking to Ms. Barttelt, and thus Messerli's continued discussions with her constitute unfair and unconscionable conduct. This argument is patently frivolous. Moreover, "case law establishes that § 1692f is an inappropriate vehicle to bring a claim for third-party communications." Id. at *5. Jackson cannot use § 1692f as a catch-all liability provision for communications that otherwise fall under a specific FDCPA provision.

---

[1] Indeed, Jackson's counsel conceded at the hearing that Messerli did not harass Jackson.

Finally, Jackson's invasion of privacy claim fails as a matter of law. Jackson maintained a joint banking account with Ms. Barttelt. He cannot be offended, much less highly offended, that Messerli discussed this bank account with her. He tries to argue that his offense is not because Messerli discussed the bank account, but rather that Messerli discussed the allegedly defaulted consumer debt. But because the consumer debt was directly relevant to the joint account, Messerli could not have discussed the bank account without at least mentioning the debt. This argument is without merit.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is **GRANTED**; and

2. The Complaint (Docket No. 1) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: May 16, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge